UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark R. Becker, et al.,

    Plaintiffs,

v.                                                              MEMORANDUM OPINION
                                                            AND ORDER
                                                            Civil No. 11-142

International Brotherhood of
Teamsters Local 120 & U.S.
Foodservice, Inc.,

    Defendants.
_____

    Marshall H. Tanick and Brian N. Niemczyk, Mansfield, Tanick & Cohen, P.A., Counsel for Plaintiffs.

    Andrew E. Tanick, Ford & Harrison LLP and Joel H. Kaplan, William P. Schurgin and Alexis S. Hawley, Seyfarth Shaw LLP, Counsel for Defendant U.S. Foodservice, Inc.

_____

This matter is before the Court on Defendant U.S. Foodservice, Inc.'s ("USF") motion to dismiss or in the alternative for summary judgment.

**Factual Background**

This is a putative class action involving current or former USF employees that were members of the Defendant International Brotherhood of Teamsters Local 120 ("Union") and employed at USF's Eagan facility before it closed in

1

September 2008, and who either lost their jobs and benefits or obtained less preferable jobs with reduced benefits. (Complaint ¶ 1.)

Plaintiffs allege that after USF announced the Eagan facility would close, a number of grievances were filed, and the Union and USF thereafter engaged in negotiations. (Id. ¶¶ 10 and 11.) Plaintiffs who worked at the Eagan facility were beneficiaries of a pension fund operated by Central States Pension Plan ("Central States"). (Id. ¶ 12.) USF also had a facility in Plymouth, Minnesota, and those employees were covered by a separate pension fund known as the Minneapolis Food Distributing Industry Pension Plan ("MFPP"). (Id. ¶ 13.) Three officers of the Union served as Trustees of the MFPP, and the other three Trustees were representatives of companies with which the Union had collective bargaining agreements. (Id. ¶ 14.)

During negotiations, the concern was raised that USF Eagan employees who would transfer to the Plymouth facility and thereafter become beneficiaries of the MFPP, would incur reductions of benefits if Central States deemed the transfer to constitute a "Rehabilitation Plan Withdrawal." (Id. ¶ 15.) Ultimately, the Union and USF reached an agreement on November 3, 2008 ("Agreement") that provided that USF would offer all Eagan employees the opportunity, in

seniority order, to transfer to the Plymouth facility, retain their jobs, benefits, seniority, shifts and work assignments, or be eligible for severance or recall within six months if not able to transfer.  (Id. ¶ 16.)  Further, the Agreement provided that all transferring employees would remain in the Central States Fund without any withdrawal liability.  (Id.)  The Agreement was conditioned upon approval by Central States and MFPP.  (Id., ¶ 17.)  There was no indication from the Union, whose officers comprised three of the six MFPP trustees, that they would not approve the Agreement.  (Id.)

Thereafter, Central States indicated that it would approve the Agreement.  (Id. ¶ 18.)  MFPP declined to approve the Agreement, however.  (Id. ¶ 19.)  The Union then informed USF that if any employees were transferred from Eagan to Plymouth, they must remain under the collective bargaining agreement for the Plymouth facility, be considered new hires, would be beneficiaries of MFPP and USF must make pension contributions on their behalf to MFPP and not Central States.  (Id.)

Plaintiffs allege that those terms were not accepted by USF which then ceased negotiations and began to close the Eagan facility.  (Id. ¶ 20.)  The Union urged the Eagan employees not to transfer to Plymouth because they could suffer

3

reduction of pension benefits, and demanded that USF pay $9 million to MFPP because of prospective losses should employees transfer and not become beneficiaries of MFPP. (Id. ¶ 21.)

The Eagan facility closed between December 13-24, 2008. (Id. ¶ 22.) Ultimately, 29 employees from the Eagan facility took new jobs in the Plymouth facility without seniority and with reduced benefits, and became beneficiaries of the MFPP. (Id.)

Plaintiffs allege that officers of the Union caused MFPP to refuse to approve the Agreement due to their concern that if such Agreement was implemented, the MFPP would lose future contributions. (Id. ¶ 23.) Plaintiffs further allege that the MFPP would benefit by not approving the Agreement, because the result would be that USF would hire new employees at Plymouth, who would become beneficiaries of MFPP, which would result in additional revenue and membership for the MFPP. (Id.) While rejecting the Agreement was in the best interests of the MFPP, it was not in the best interests of the Union members previously employed at the Eagan facility. (Id. ¶ 24.)

Plaintiffs allege that the decision by the Union officers/MFPP trustees to decline to approve the Agreement was arbitrary, discriminatory and in bad faith.

(Id. ¶ 31.) Such decision also constitutes a breach of their duty of fair representation to Plaintiffs. (Id. ¶ 33.) Plaintiffs seeks damages and equitable relief, including the opportunity to apply for and obtain jobs at the USF facility in Plymouth on the same terms and benefits as they had at the Eagan facility. (Id.)

**Motion to Dismiss**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

**Analysis**

USF argues that it is entitled to have the claims against it dismissed as Plaintiffs have failed to state a claim for which relief can be granted against USF.

In their Complaint, Plaintiffs assert wrongdoing and breach of duty of fair representation against the Union.  There are no allegations, however, of any wrongdoing by USF.

Under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185[1], an employee may bring an action against the union for breach of its duty of fair representation and against the employer for breach of contract.  Jones v. United Parcel Serv., 461 F.3d 982, 994 (8th Cir. 2006).  Such claims are referred to as "hybrid" claims and require the employee to prove both the breach of contract and the breach of duty of fair representation.  Vaca v. Sipes, 386 U.S. 171, 186-87 (1967).  See Angel v. United Paperworkers Int'l, Local 1967, No. C-1-01-467, 2003 WL 21910753, at *11-12 (S.D. Ohio Mar. 10, 2003) (granting motion to dismiss § 301 hybrid claim where plaintiff failed to allege breach of collective bargaining agreement).  Finally, USF argues that a hybrid claim may proceed even in the absence of a potentially liable employer.  See Suwanchai v. Int'l Brotherhood of Elec. Workers Local 1973, 528 F. Supp. 851 (D.N.H. 1981); Gouker

---

[1]In the Complaint, Plaintiffs assert a claim under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159.  Because the asserted claim is directed at both the Union and USF, USF argues the claim actually arises under the LMRA.  In their opposition brief, Plaintiffs do not dispute that their claims arise under the LMRA.

v. Murphy Motor Freight, Inc., 84 B.R. 537, 539-40 (N.D. Ind. 1987).

Plaintiffs assert that their case does not fit nicely in the typical "hybrid" mold. While conceding no wrongdoing on the part of USF as USF had approved the Agreement, Plaintiffs nonetheless argue that USF is a proper party in this litigation because part of the relief sought is reinstatement at USF. See Local 670 v. Int'l Union, 822 F.2d 613, 618 (6th Cir. 1987) (finding that joinder of another union under Rule 19 was appropriate where complete relief cannot be accorded among those already parties).

Generally, a defendant cannot be joined in an action unless an underlying cause of action against that defendant exists. See Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown, 875 F.2d 453, 457 (5th Cir. 1989). See also, Davenport v. Int'l Brotherhood of Teamsters, 166 F.3d 356, 366 (D.C. Cir. 1999) (court rejected plaintiffs' argument that joinder of the employer was necessary because plaintiffs needed an injunction against the employer to obtain full relief, finding that "while Rule 19 provides for joinder of necessary parties, it does not create a cause of action against them.")

Here, Plaintiffs have not alleged any wrongdoing on the part of USF. As

7

Rule 19 does not create a cause of action against USF, joinder of USF under that Rule is not warranted. Accordingly, USF's motion to dismiss must be granted.[2]

IT IS HEREBY ORDERED that Defendant USF's Motion to Dismiss [Doc. No. 9] is GRANTED.

Date: May 16, 2011

                                                s/ Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court

---

[2] Because the Court finds that dismissal is appropriate for failure to state a claim, the Court need not address USF's alternative argument that dismissal is warranted because the claim is time-barred.